**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: March 29 2024

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 23-30667 |
| | ) | |
| Gregory Cameron King, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor(s). | ) | Hon. Mary Ann Whipple |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER

The Chapter 7 Trustee objects to Debtor's exemption of an all-terrain vehicle under the Ohio statute authorizing exemption of a debtor's interest in one "motor vehicle." [Doc. # 19].

The district court has original and exclusive jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11, as well as over proceedings arising in this case pursuant to 28 U.S.C. § 1334(b). The case and all proceedings arising in it have been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a), General Order 2012-7 of the United States District Court for the Northern District of Ohio. The issue raised by the Trustee's objection is a core proceeding that this court may hear and determine because it involves the allowance or disallowance of exemptions from property of the estate. 28 U.S.C. § 157(b)(1) and (2)(B).

### I. PROCEDURAL BACKGROUND

Debtor claimed on his Schedule C an exemption in a 2017 Honda Forman ATV ("ATV") under Ohio Rev. Code § 2329.66(A)(2). [Doc. # 16, pp. 9-10/43]. The exemption at issue applies to "motor

vehicles." The Chapter 7 Trustee timely objected to the claimed exemption. [Doc. # 19].[1] Debtor timely opposed the Trustee's objection, [Doc. # 23], to which the Trustee filed a reply, [Doc. # 29], and Debtor filed a sur-reply, [Doc. # 30]. The court also held a hearing on the objection at which it heard arguments from the lawyers.

In his objection, the Trustee cited Debtor's testimony from the meeting of creditors for the following facts, which have not been disputed by either party.

- ∗ The 2017 Honda Forman is a 4-wheeled ATV.
- Debtor does not use the vehicle to go to and from work.
- Debtor has not registered the vehicle with the State of Ohio
- Debtor uses the ATV to drive his kids around on his grandfather's property.
- Debtor resides in a trailer with his brother.
- Debtor has a 2011 Dodge Ram 1500 Pickup truck, and the ATV is not his only means of transportation.

[Doc. # 19, p. 3/5]. The court infers from these facts that the ATV has a motor.

Debtor's counsel later asserted that Debtor had surrendered his Dodge Ram truck post-petition and that Debtor uses the ATV to traverse among properties to relatives' homes to borrow transportation for work or get rides from them as needed. [Doc. # 23, p. 1/6]. While not substantiated by affidavit or sworn testimony, the court finds that these facts are not material. Likewise, the court finds that no evidentiary hearing is necessary to decide the Trustee's objection based on the facts set forth by the Trustee.

## II. LAW AND ANALYSIS

### A. Exemptions in General

A principal purpose of bankruptcy is to afford the honest but unfortunate debtor a fresh start. Exemptions allow debtors to protect certain property from the claims of their creditors. *In re Frederick*, 495 B.R. 813, 816 (Bankr. N.D. Ohio 2013); 4 Collier on Bankruptcy ¶ 522.01 (16th ed). They support the fresh start by: "(1) providing the debtor with that property which is necessary for their survival; (2) enabling the debtor to rehabilitate themselves; and (3) protecting the debtor's family from the adverse effects of impoverishment." *In re McVicker*, 546 B.R. 46, 60 (Bankr. N.D. Ohio 2016), quoting *In re Felgner*, 2011 WL 5056994 at *2, 2011 Bar. LEXIS 4118 at *4 (Bankr. N.D. Ohio 2011). *See also In re*

---

[1] The Trustee's objection included claimed exemptions in a Premier Bank checking account and a Cares Act Recovery Rebate. They are no longer at issue.

*Malsch*, 400 B.R. 584, 587 (Bankr. N.D. Ohio 2008). In Chapter 7 cases, exempt property is retained by the debtor and not subject to use or liquidation by the trustee to pay creditors.

States may choose to allow individual debtors to use the federal exemptions set forth in the Bankruptcy Code, 11 U.S.C. § 522, or the exemptions enacted under their state law. 11 U.S.C. § 522(b)(2); *Baumgart v. Alam* (*In re Alam*), 359 B.R. 142, 147 (B.A.P. 6th Cir. 2006). The Ohio legislature opted out of the federal exemptions, requiring debtors domiciled in Ohio to claim exemptions under the appropriate Ohio statutes and under otherwise applicable non-bankruptcy federal law. Ohio Rev. Code § 2329.662; *In re Alam,* 359 B.R. at 147, citing Ohio Revised Code § 2329.66 ( "hereinafter referred to as R.C.").

Ohio's statutory exemptions are generally to be liberally construed in favor of the debtor. *In re Wyman*, 626 B.R. 480, 489 (Bankr. S.D. Ohio 2021), citing *Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.,* 28 Ohio St.3d 441 (1986); *In re Alam*, 359 B.R. at 147-48; *In re Wycuff*, 332 B.R. 297, 300 (Bankr. N.D. Ohio 2005).

Determining whether an exemption should be allowed is made by considering the facts and circumstances of each case. *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999) (citations omitted). "There is a *prima facie* presumption that an exemption is proper." *In re Aubiel*, 534 B.R. 300, 304 (B.A.P. 6th Cir. 2015) (citation omitted). Where there is no objection to the claimed exemption, it is presumed to be valid. *In re Danduran*, 657 F.3d 749, 754 (8th Cir. 2011), citing *In re Walters*, 450 B.R. 109 (B.A.P. 8th Cir. 2011); 9 Collier on Bankruptcy ¶ 4003.04 (16th ed.).

A party objecting to an exemption bears the burden of proof by a preponderance of the evidence that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c); *In re Alam*, 359 B.R. at 147. This means the objecting party has both the burden of production and burden of persuasion. *In re Carter*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999).

### B. Ohio Revised Code § 2329.66(A)(2)

Section 522 of the Bankruptcy Code establishes the pathway for exemptions available to a debtor. As already noted, Ohio has chosen to implement its own state exemptions codified under R.C. § 2329.66. The preamble to the Ohio exemption statute states simply that "[e]very person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order, as follows: …" R.C. § 2329.66(A). The statute then lists 18 separate categories of exempt property. The exemption at issue in this case protects "[t]he person's interest, not to exceed four thousand four hundred fifty dollars, in one motor vehicle." R.C. § 2329.66(A)(2).

3

Subpart (B) of R.C. § 2329.66 provides for automatic adjustment of the exempted dollar amounts each third calendar year after 2010.

Subpart (C) of R.C. § 2329.66 contains definitions of terms used in R.C. § 2329.66. Notably, "motor vehicle" is not defined in subpart (C), nor are "motor" or "vehicle" defined terms. The court's task is to decide in the absence of a definition in the exemption statute whether Debtor's ATV is a "motor vehicle" as contemplated by the Ohio legislature in R.C. § 2329.66(A)(2).

**C. The Parties' Arguments**

1. <u>The Trustee's Position</u>

The Trustee argues that the ATV is not a motor vehicle within the Ohio exemption statute based on the legislative purpose and public policy of exemption statutes in general and the Ohio statute in particular: to provide a debtor with property necessary to survival, to enable financial rehabilitation, to protect the debtor's family from the adverse effects of impoverishment and to shift the burden of providing for debtors from society in general to creditors with minimal burden. *See In re Bunnell,* 322 B.R. 331, 333 (Bankr. N.D. Ohio 2005). In the context of the motor vehicle exemption, that translates to a principal purpose "to protect the debtor's means of transportation to meet ordinary daily needs." *In re Gilica,* 530 B.R. 429, 439 (Bankr. N.D. Ohio 2015) (holding that a motorboat is not a "motor vehicle" protected by R.C. § 2329.66(A)(2)). In the Trustee's view, Debtor's ATV fails the statute's legislative purpose because it is a "'toy' used for joy rides with the children and traveling offroad" and "not a necessary means of transportation required to provide for the maintenance and support of himself and his family." [Doc. # 19, p. 2-3/5]; *In re Likes,* 406 B.R. 749, 756 (Bankr. N.D. Ohio 2009) (R.C. § 2329.66(A)(2) is "meant to afford a debtor with the means by which to retain a mode of transportation for life's necessities.").

2. <u>Debtor's Position</u>

The exemption statute lacking a definition of motor vehicle, Debtor argues the court should instead rely on the broad definition of motor vehicle from the Ohio motor vehicle code to determine whether the ATV is a motor vehicle under R.C. § 2329.66(A)(2). Under R.C. § 4501.01:

> "Motor vehicle" means any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires. "Motor vehicle" does not include utility vehicles as defined in division (VV) of this section, under-speed vehicles as defined in division (XX) of this section, mini-trucks as defined in division (BBB) of this section, motorized bicycles, electric bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, well-drilling machinery, ditch-digging machinery, farm machinery, and

4

trailers that are designed and used exclusively to transport a boat and between a place of storage and a marina, or in and around a marina, when drawn or towed on a public road or highway for a distance of no more than ten miles and at a speed of twenty-five miles per hour or less.

R.C. § 4501.01(B). Debtor seizes on this definition because it responds to the Trustee's argument by including "recreational vehicles" within its reach. Moreover, in response to the Trustee's argument that the exemption applies only to the necessities of daily life to allow Debtor to provide for himself and his family by maintaining basic transportation, not to toys, Debtor's counsel made factual assertions that Debtor now uses the ATV to traverse family property to reach basic transportation.

### D. Principles of Statutory Construction Applicable to R.C. § 2329.66(A)(2)

The court finds both parties off base in the principles of statutory construction that they advocate. Instead, the court turns to examine the appropriate statutory construction to be applied bearing in mind it is the Trustee's burden to overcome the prima facie presumption that the exemption is valid. Lacking a definition in the exemption statute and the Ohio Supreme Court not having interpreted the meaning of "motor vehicle" in R.C. § 2329.66(A)(2), the court's task is to predict how the Ohio Supreme Court would rule on this issue. *United States v. Simpson,* 520 F.3d 531, 535 (6th Cir. 2008); *In re Alam,* 359 B.R. at 147-48.

"[W]ords of a statute are to be construed in accordance with their ordinary and common meaning unless the context clearly requires otherwise." *In re Miller*, 427 B.R. 616, 619 (Bankr. N.D. Ohio 2009), citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1997). In construing Ohio statutes, the law of Ohio requires that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. § 1.42. Nor should the court ignore a provision lest it "offend [] the well-settled rule that all parts of a statute, if possible, are to be given effect." *In re Lombardy*, Case No. 11-17737, 2012 WL 435816 *4 (Bankr. N.D. Ohio Feb. 9, 2012), quoting *Fidelity Fed. Sav & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 163 (1982). This method of statutory construction was affirmed by the Ohio Supreme Court in the context of the Ohio exemption statute in *Daugherty v. Cent. Trust Co.,* 28 Ohio St.3d at 444-45.

In the court's view, the proper interpretation of R.C. § 2329.66(A)(2) starts and stops with the plain, common sense meaning of the words "motor vehicle." *Doe v. Greenville City Schools,* 171 Ohio St.3d 763, 768 (2022) ("Terms that are undefined by statute are given their plain, common, and ordinary meaning. "). Some courts have struggled with adopting a workable definition of "motor vehicle," largely it seems because of the potential breadth of personal property that might be swept into applicable statutes.

5

*E.g., In re Barnick,* 353 B.R. 233 (Bankr. C.D. Ill. 2006) (in Bankruptcy Code discharge exception context, court finds "motor vehicle" ambiguous as a compound term different than the combination of the meanings of it component words).

The court finds ascribing meaning to "motor vehicle" in R.C. § 2329.66(A)(2) to be a much more straightforward task. Breadth or generality does not necessarily ambiguity make. After all, the legislature can always act to narrow or expand a statute as it deems necessary or appropriate.

The Ohio Supreme Court authorizes courts to look to dictionary definitions and meaning that words have acquired through case law to interpret a statute. *State v. Bertram*, 173 Ohio St.3d 186, 189 (2023), quoting and citing *Rancho Cincinnati Rivers, L.L.C v. Warren Cty. Board of Revisions*, 165 Ohio St.3d 227, 233 (2021). It often looks to the Merriam-Webster's Collegiate Dictionary to ascribe meaning to words used by the Ohio legislature. *E.g., State v. Johnson*, --N.E.2d --, 2024 WL 186987 (Ohio Jan. 18, 2024) (11th Ed. 2003; definition of "unavoidable" as used in R.C. § 2953.23(A)(1)(a)); *Bertram*, 173 Ohio St.3d at 189 (11th Ed. 2003; definition of "stealth" as used in R.C. § 2913.01(A)). This court will likewise look there for the plain, common sense meaning of "motor vehicle."

Merriam Webster's Collegiate Dictionary defines "motor vehicle," and "motor" and "vehicle" separately.

Merriam Webster's Collegiate Dictionary defines "motor vehicle" as "an automotive vehicle not operated on rails esp.: one with rubber tires for use on highways." [2] *Merriam-Webster's Collegiate Dictionary* 811 (11th Ed.). In turn, "automotive" is defined as "1. SELF-PROPELLED 2.: of, or relating to, or concerned with self-propelled vehicles or machines," *Id*. at 84, and "vehicle" as relevant to this usage is defined as "4: a means of carrying or transporting something <planes, trains and other …[vehicles]," *Id.* at 1386.

Merriam Webster's Collegiate Dictionary defines "motor" as an adjective as "2a equipped with or driven by motor, *Id.* at 811, and as a noun as "2a any of various power units that develop energy or impart motion." *Id*.

From these definitions, none of which the court finds ambiguous, it determines the following characteristics as defining the plain, common sense meaning of a "motor vehicle" as used by the Ohio legislature in R.C. § 2329.66(A)(2): (1) a means of carrying or transporting something; (2) not operated on rails; (3) with tires; (4) equipped or driven by a power unit that develops or imparts motion. Applying

---

[2] The court understands the phrase "esp.: one with rubber tires for use on highways" in the definition to be an example, not a limitation.

this definition, the court finds that Debtor's ATV is a motor vehicle within the meaning of the exemption at R.C. § 2329.66(A)(2). The ATV is a means of carrying Debtor. It is not operated on rails. It has tires. It is equipped with a power unit that imparts motion to it. In short, it is a "motor vehicle."

The court rejects the Trustee's proposed interpretation as at odds with the statute itself and with how the Ohio Supreme Court would rule on this issue. The Trustee advocates imparting purpose and use qualifications to define "motor vehicle." There is no support for either addition anywhere in the exemption statute or in the language of the statute.

The Trustee's "purpose" argument is derived from the general public policy of exemptions as being to provide for necessities and protect families. The Trustee submits that exemption of an ATV, "which is primarily used for purpose of recreation, would not further the objectives for which exemptions are intended to provide." [Doc. # 29, p. 2/10]. Upon closer examination, however, these statements turn out to be canards generally unmoored from the current language of the statute.

The Ohio Supreme Court spoke to the purpose of the Ohio exemption statute as follows:

> We realize that the longstanding purpose of Ohio's exemption statute is to protect from creditors' legal process those debtors with minimal assets" ***for the benefit of the children as well as for the parents, in order that the children***may be protected against the dangers to which they would be exposed without those household facilities which make the family relation possible***"

*Daugherty v. Cent. Trust Co.*, 28 Ohio St. 3d at 447. This statement of legislative purpose as protecting families who do not have much does not equate to families (and debtors) who do not have much only getting to have necessities for survival. The amount of the exempt equity debtors are entitled to retain in a residence under the Ohio statute is now $ 161,375 per debtor. The statute exempts at a certain level personal property such as jewelry, guns, books, and fishing equipment, necessities for some Ohioans but not for others. Certain kinds of retirement accounts and savings vehicles are exempt without monetary limitation. The rest of the exemption statute belies the "basic necessities only" canard.

The court in *In re Galica* states that "[t]he principal purpose of a motor vehicle exemption is to protect the debtor's means of transportation to meet ordinary daily breeds." *In re Galica,* 530 B.R. at 439. But it makes that statement after quoting *Daugherty's* legislative purpose statement, from which this court cannot derive that gloss, and then cites nothing else in support. Similarly, in *In re Likes*, the court states as one purpose of the Ohio exemption statute "providing the debtor with that property which is necessary for survival." *In re Likes*, 406 B.R. at 755. But it derives that stated purpose from another of its own decisions, which in turn cites only a bankruptcy textbook from 1992. *See In re Bunnell,* 322 B.R. at 333;

7

*see also In re McVicker*, 546 B.R. at 60 (citing another case by the judge that decided *In re Bunnell* for general policy aims of the exemption statute).[3]

Similarly, the court in *In re Wyman*, 626 B.R. 480, 489-90 (Bankr. S.D. Ohio 2021), stated the purpose of the Ohio motor vehicle exemption statute as "preventing debtors from losing their means of transportation to their jobs, healthcare, food market, and many other places vital to their well-being…" This statement is unsupported by citation to authority.

Although it has been amended in its details since, the Ohio exemption statute in its current form and structure was enacted effective September 28, 1979, to coincide with enactment of the Bankruptcy Code. R.C. § 2329.66. amended in Am.Sub.H.B. No. 674, 113th General Assembly, Regular Session, 138 Ohio Laws, Part 2, 3324, 3328-3335, division (2). The "motor vehicle" exemption was added at that time. The court finds of significance to the current dispute the Ohio legislature's elimination from the preamble of the following language from R.C. § 2329.66(A) that limited applicability of the statute to: "the chief support of a family, or who is a person paying alimony, maintenance, or other allowance for the support of a divorced or separate spouse, or for the support of a minor child, or is the chief support of any dependent person, and every widow." The eliminated language can be seen to animate some of the more general statements of the purpose of the Ohio exemption statute over time and suggests a focus on need and support that is now missing from the plain language of R.C. § 2329.66 in favor of simply identifying specific types of property interests and in some instances dollar limitations.

Lacking support in the statute itself, relevant Ohio Supreme Court authority or the legislative history of the current Ohio exemption statute, the court finds these general statements of purpose at least unpersuasive and, in the absence of ambiguity which the court does not find, inappropriate sources of statutory meaning for the term "motor vehicle" in R.C. § 2329.66(A)(2).

The Trustee's proposed "use" qualification is equally problematic as unmoored from the terms of the statute. The Trustee decries application of the exemption to a "toy" and a "recreational vehicle" not being used as basic transportation to work, for health care, for groceries, to drop kids off at school. One need only look to the statute's homestead exemption to see that it does not matter to the Ohio legislature how Debtor is using the ATV. In R.C. § 2329.66(A)(1), the Ohio legislature exempted from execution

---

[3] The court in *In re Galica* decided that the Ohio motor vehicle exemption does not apply to a motorboat. Notwithstanding this court's disagreement with the statement of legislative purpose tacked on at the end of the opinion, *In re Galica* would be decided the same way under the definition of "motor vehicle" that this court adopts. Similarly, the court in *In re Likes* decided that the Ohio motor vehicle exemption does not apply to a trailer lacking a motor. Again, notwithstanding this court's disagreement with the statement of legislative purpose appearing in the opinion, *In re Likes* would be decided the same way under the definition of "motor vehicle" that the court adopts.

8

"one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." The Ohio legislature's inclusion of a property use limitation in the homestead exemption shows that the omission of a use limitation from the motor vehicle exemption is purposeful. Indeed, the "uses" as a residence limitation in the homestead exemption is not infrequently at issue. The Ohio legislature having declined to include a "use" limitation in the motor vehicle exemption, this court will not gratuitously add one. [4]

The Ohio Supreme Court in *Daugherty* confirmed that the Ohio exemption statute is to be construed liberally in favor of the debtor. *Daugherty, v. Cent. Trust Co.*, 28 Ohio St.3d at 447. This principle is often repeated, appropriately so, in bankruptcy court decisions applying the Ohio exemption statute. Sometimes, though, it seems that the principle is not actually applied after it is stated. The Trustee's proposed interpretation of the motor vehicle exemption also conflicts with the Ohio Supreme Court's directive that laws exempting property of a debtor from execution are to be construed liberally in debtor's favor and that "any doubt in interpretation should be in favor of granting the exemption." *In re Alam,* 359 B.R. at 148.

While the court agrees with Debtor that he is entitled to claim the R.C. § 2329.66(A)(2) motor vehicle exemption in his ATV, the court disagrees with his argument that the statutory definition of "motor vehicle" from the Ohio motor vehicle code controls the outcome of the Trustee's objection. The Trustee (and the court) agrees with the decisions in *In re Likes* and *In re Gallica* on that point. As the Trustee points out, the exemption statute does not address applicability of the broad definition in R.C. § 4501.01(B), which would also include the ATV. He also posits that R.C. § 4501.01 is cross-referenced at least 33 times with other provisions of the Ohio Revised Code, demonstrating that the Ohio legislature purposefully declined to incorporate it into R.C. § 2329.66(A)(2). The court agrees with the Trustee that the definition of "motor vehicle" from the Ohio motor vehicle code at R.C. 4501.01(B) is inapplicable to R.C. § 2329.66(A)(2).

In *In re Likes*, the trustee argued for a plain meaning approach to the term "motor vehicle" as the trailer at issue lacked a "motor for propulsion." 406 B.R. at 753. In contrast, the debtor argued for a more expansive interpretation to include the definitions under Title 45 of the Ohio Revised Code. In rejecting the debtor's argument that Title 45 supported a broader interpretation, the court found that to do so "would effectively render the word 'motor' superfluous as used in § 2329.66(A)(2)" and be contrary to the rule of

---

[4] When the Ohio legislature amended the exemption statute in 1979, it eliminated other "use" provisions. For example, the statute before it was amended effective in 1979 exempted "one stove and pipe used for warming the dwelling" and "[a]ll books used in the family" and "[p]rovisions actually provided and designed for the use of each person or family."

9

giving effect to every part of the statute. *Id*. The court further noted the absence of an express statutory directive to the contrary, observing "when the law is silent on the issue, statutory definitions contained in one provision are normally only applied to another provision when the two code provisions are in *pari materia*." And those statutes "will not be regarded as relating to the same or a similar subject matter where they have no common purpose and scope." *Id*. at 755. Judge Speer found and this judge agrees that R.C. § 2329.66 has "no identity of interest with the regulation of motor vehicles as set forth in title 45 of Ohio's Revised Code." *Id*. Although not focusing on the "vehicle" part of the exemption and instead focusing on the "motor" part of the exemption, Judge Speer found that the statute was not ambiguous, negating the need to employ the *pari materia* doctrine in any event.

The court in *Gilica* examined use of the term "motor vehicle" in the exemption statutes of other states, related court decisions, as well as the use of that term in the Bankruptcy Code. 530 B.R. at 432-35. Citing the analysis in *In re Likes*, the court noted that "absen[t] [] an express statutory directive to the contrary, statutory definitions used in one code section are not automatically applied in another code provision." *Id*. at 435, citing *In re Likes*, 406 B.R. at 755. The court also recognized that In *re Likes* held that Title 45 of the Ohio Revised Code "had a different purpose" and was not "in *pari materia* with the Ohio exemption statute, Section 2329.66(A)." *Id.*

Finally, although not determinative, the parties cite cases from other jurisdictions involving an objection to an exemption of an ATV under applicable state law, to mixed results that do not materially impact the court's analysis one way or another.

The court agrees with and has generally adopted the same approach as the courts in *In re Moore*, 251 B.R. 380 (Bankr. W.D. Mo. 2000), and *In re Buchberger,* 311 B.R. 794 (Bankr. D. Ariz. 2004), both of which held that an ATV is within the state's "motor vehicle" exemption statute. The Missouri "motor vehicle" exemption statute at issue in *In re Moore* and the Arizona "motor vehicle" exemption statute at issue in *In re Buchbinder* are nearly identical to the Ohio "motor vehicle" exemption statute. Both courts declined to add use or purpose limitations to the exemption where, as with the Ohio statute, they were not already part of the language of the statute.

To be sure, there are cases from other jurisdictions that support the Trustee's arguments in this case about the Ohio statute. For example, the court in *In re Bosworth*, 449 B.R. 104 (Bankr. D. Idaho 2011), sustained an objection to exemption of an ATV, noting the history of cases which held ATVs were not motor vehicles within the Idaho state statutory exemption. *Id*. at 106. The Idaho motor vehicle exemption statute is also similar to the Ohio statute. But the court added a "use" limitation to the definition of "motor vehicle" derived from other cases that appears at odds with the language of the statute. *See also*

10

*In re Baird*, 89 I.B.C.R. 149, 151 (Bankr D. Idaho 1989) (in denying exemption of a motor vehicle for an ATV, the court held "[p]urely recreational equipment is not reasonably necessary for the debtors' household."). These decisions lack persuasive authority to this court in determining and applying Ohio law.

### III. CONCLUSION

Based on the foregoing reasons and authorities, and in accordance with the plain meaning of the statute, the court finds that the Trustee has failed to meet his burden of showing that Debtor is not entitled to claim his ATV as exempt under R.C. § 2329.66(A)(2). The Chapter 7 Trustee's Objections to Debtor's Claims of Exemptions [Doc. # 19] as it pertains to Debtor's 2017 Honda Forman ATV is **OVERRULED.**

**IT IS SO ORDERED.**

# # #

11

23-30667-maw    Doc 39    FILED 03/29/24    ENTERED 03/29/24 14:39:01    Page 11 of 11